FILED

DEC 18 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

# NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Martha Jean Barigian,<br><br>    Debtor. | Case No. 08-10115-B-7 |
| James E. Salven, Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>v.<br><br>Mark McQuinn, Earl T. McQuinn, Betty McQuinn, and Earl T. McQuinn and Betty McQuinn, Co-Trustees for the Benefit of the McQuinn Family Trust Dated March 13, 1992,<br><br>    Defendants. | Adv. Proceeding No. 08-1273<br><br>DC No. KDG-1 |

**MEMORANDUM DECISION REGARDING PLAINTIFF'S REQUEST FOR DISCOVERY SANCTIONS**

This Memorandum Decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Connie M. Parker, Esq., appeared on behalf of the chapter 7 trustee/plaintiff, James E. Salven (the "Plaintiff").

Douglas V. Thornton, Esq., appeared on behalf of the defendants, Mark McQuinn, Earl T. McQuinn, Betty McQuinn, and Earl T. McQuinn and Betty McQuinn, Co-Trustees for the Benefit of the McQuinn Family Trust Dated March 13, 1992 (the "Defendants").

Before the court is a discovery dispute arising out of two contentious adversary proceedings.[1] Plaintiff filed this adversary proceeding to recover moneys allegedly paid by the Debtor on account of several pre-petition loan obligations owed to the Defendants. The Plaintiff filed this motion to compel the Defendants to respond to some of his discovery requests (the "Discovery Motion"). The Discovery Motion was granted by order dated September 16, 2009. Under submission is Plaintiff's request for sanctions (the "Sanction Request"), *i.e.*, an award of attorney's fees and costs incurred in having to bring the Discovery Motion. For the reasons set forth below, the Sanction Request will be granted.

This Memorandum Decision contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052). The court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

**Background.**

Prior to the bankruptcy, the Debtor, Martha Barigian, operated a business known as Parimex International ("Parimex"). It appears that

---

[1] This adversary proceeding is related to, and the issues are almost identical to the issues in, adversary proceeding number 08-1271. The underlying factual allegations in both adversary proceedings are virtually the same. The defendants are represented by the same counsel. Both adversary proceedings were consolidated for discovery purposes. The Plaintiff propounded identical discovery requests in each adversary proceeding and received virtually identical responses. The Plaintiff's discovery motion was filed in both adversary proceedings.

the Debtor, through Parimex, was heavily involved in real estate investment. The Debtor filed a petition under chapter 13 in January 2008. The Debtor's schedules list 15 parcels of real property and 83 loan transactions secured by liens against the various properties. Five of the scheduled secured obligations are owed to the Defendants, Mark McQuinn, Earl T. McQuinn, Betty McQuinn, and Earl T. McQuinn and Betty McQuinn, Co-Trustees for the Benefit of the McQuinn Family Trust Dated March 13, 1992, in various amounts ranging from $20,000 to $318,000 (the "McQuinn Loans"). The schedules state that the McQuinn Loans are secured by deeds of trust against apartment properties. No other information is given regarding the collateral for the McQuinn Loans. On March 17, 2008, after numerous objections were filed to the Debtor's chapter 13 plan, the case was converted to chapter 7 on the chapter 13 trustee's motion. Plaintiff, James E. Salven was appointed the chapter 7 trustee.

This adversary proceeding was filed on December 22, 2008. The Plaintiff seeks to recover from the Defendants an unspecified amount of the interest payments made by the Debtor on account of the McQuinn Loans. The Plaintiff alleged, *inter alia*, that the interest payments were usurious and avoidable under California law. On March 11, 2009, the Plaintiff's counsel served on Defendants' counsel a request for production of documents and a set of interrogatories. At the request of the Defendants, the Plaintiff agreed to extend the time for the Defendants' response to June 22, 2009.

Plaintiff's interrogatory no. 2 went to the core of the adversary proceeding. It asked the Defendants to "Identify all payments made by

3

[the Debtor] to YOU from 2003 to present." In response, Defendants objected on the grounds of "tax payers' privilege" and refused to produce any details or supporting information. Defendants Earl & Betty McQuinn's response to interrogatory no. 2 was:

> Objection. Tax payers' privilege. Other than the return schedules, Responding Party does not have documents showing the amount of interest received from the subject loans, however, the amount of interest paid was $50,250. This Responding Party does not have copies of the checks received from Martha Barigian or Parimex International, LTD. Additionally, Martha Barigian or Parimex International, LTD, did not issue payment receipts or Form #1099s.

Defendant Mark McQuinn's response to interrogatory no. 2 was:

> Objection. Tax payers' privilege. Other than the return schedules, Responding Party does not have documents showing the amount of interest received from the subject loans, however, the amount of interest paid was $36,800. This Responding Party does not have copies of the checks received from Martha Barigian or Parimex International, LTD. Additionally, Martha Barigian or Parimex International, LTD, did not issue payment receipts or Form #1099s.

Plaintiff's request for production of documents no. 3 asked the Defendants to identify and produce any documents evidencing payments made by the Debtor on account of the McQuinn Loans including receipts, ledgers and spreadsheets. Again, the Defendants objected on the grounds of "tax payers' privilege" and declined to produce any documents. On August 14, 2009, after Plaintiff's counsel made a bona fide effort to meet and confer with Defendants' counsel regarding these discovery requests, the Plaintiff filed the Discovery Motion. In response, the Defendants acknowledged that they had located "documentation showing payments" and agreed to produce

4

those "documents" in a supplemental response. Accordingly, the Discovery Motion was granted.

The Plaintiff's attorney requests an award of $1,360 (8 hours x $170 per hour) for time spent preparing the Discovery Motion in two adversary proceedings (*see* footnote 1, supra) and appearing at the initial hearing. The Defendants object to the Sanction Request and argue, without supporting evidence, that they timely produced all of the documents and information that were available to them with the original discovery response.[2] In short, the Defendants contend that the Discovery Motion was unnecessary. However, they offer no explanation why the additional documentation could not have been located and produced with their original discovery response, or after the attorneys met and conferred prior to the filing of the Discovery Motion.

**Analysis.**

**Applicable Law.**

Discovery in an adversary proceeding is governed by the Federal Rules of Civil Procedure. FRCP 37(a) (made applicable to this adversary proceeding by FRBP 7037), provides for a monetary award of legal fees and costs to a party who must file a motion to compel disclosure or discovery, and is successful. Fed.R.Civ.P. 37(a)(4)(A) provides in pertinent part:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or

---

[2]The Defendants' responsive pleading is not supported by a declaration from any of the Defendants or their counsel. Neither the Discovery Motion, nor the Defendants' response were served on the Defendants.

5

attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

The Discovery Motion was successful. The fact that the Defendants began producing some "supplemental documents" after the Discovery Motion was filed does not vitiate the sanction issue. Rule 37(a)(4)(A) states that fees and costs *shall* be awarded, even if the discovery is produced after the Motion was filed.

The pertinent question is whether the Discovery Motion was necessary and whether the moving party made a good faith effort to get the discovery without court intervention. The court is persuaded that the Defendants' failure to diligently search for and locate the "supplemental documents" necessitated the Discovery Motion. The court is also persuaded that Plaintiff's attorney made a good faith effort to obtain the discovery responses without court action. Ergo, attorney's fees *shall* be awarded and the Sanction Request will be granted. Since the Sanction Request relates to two adversary proceedings, one-half of the requested attorney's fees will be awarded in this adversary proceeding.

Dated: December 18, 2009

W. Richard Lee
United States Bankruptcy Judge